IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LEROY ANTONIO WILSON,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | |
| : | No. 02-CV-3539 |
| **KEVIN MCGEE, MICHAEL F. HAMEL,** : | |
| **D. MICHAEL FREY AND MARIA A. EUSTIS,** : | |
| : | |
| **Defendants.** : | |

**O R D E R**

**AND NOW**, this       day of                  , 2002, upon consideration of the Defendants' Motion to Dismiss Plaintiff's Compliant or, in the Alternative, for Summary Judgment, as well as any response thereto, it is hereby ORDERED and DECREED that said Motion is GRANTED. Plaintiff's complaint is hereby DISMISSED WITH PREJUDICE.

BY THE COURT:

_____
J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LEROY ANTONIO WILSON,** : <br> : <br>         **Plaintiff,** : <br> : <br> v. : <br> :    **No. 02-CV-3539** <br> **KEVIN MCGEE, MICHAEL F. HAMEL,** : <br> **D. MICHAEL FREY AND MARIA A. EUSTIS,** : <br> : <br>         **Defendants.** : <br> : | |

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT,
OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Defendants Kevin McGee, Michael F. Hamel, D. Michael Frey and Maria A. Eustis (collectively, "Defendants"), through their undersigned counsel, hereby move to dismiss the complaint of plaintiff Leroy Antonio Wilson ("Plaintiff") pursuant to Federal Rule of Civil Procedure 12(b)(6). Alternatively, Defendants ask that summary judgment be entered in their favor and against Plaintiff pursuant to Federal Rule of Civil Procedure 56. Defendants incorporate herein by reference the arguments and authorities set forth in the accompanying memorandum of law, as well as the exhibits appended to said memorandum.

                                                                   Respectfully submitted,
                                                                   MONTGOMERY COUNTY SOLICITOR'S OFFICE


                                                                   Philip W. Newcomer, Esquire
                                                                   Attorney I.D. No. 60055
                                                                   One Montgomery Plaza, Suite 800
                                                                   P.O. Box 311
                                                                   Norristown, PA  19404-0311
                                                                   610-275-3033

Dated: November 29, 2002            Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LEROY ANTONIO WILSON,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | No. 02-CV-3539 |
| : | |
| **KEVIN MCGEE, MICHAEL F. HAMEL,** : | |
| **D. MICHAEL FREY AND MARIA A. EUSTIS,** : | |
| : | |
| **Defendants.** : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS PLAINTIFF'S COMPLAINT, OR ,
IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

**I.   INTRODUCTION**

Plaintiff Leroy Antonio Wilson ("Plaintiff") alleges in his complaint that he was wrongfully detained for a parole violation that he did not commit. He asserts that a particular one of the numerous defendants he has sued caused a warrant to be issued for Plaintiff's arrest on account of Plaintiff's failure to complete a required drug treatment program that Plaintiff had in fact completed. Plaintiff's complaint, however, fails to state a claim against any of the defendants under 42 U.S.C. §1983. Plaintiff never alleges facts that would show that this supposed error was anything more than mere negligence. In addition, uncontroverted documentary evidence establishes that Plaintiff had violated a term of his parole and that probable cause thus existed for the issuance of the warrant at issue. Plaintiff's complaint should be dismissed.

II.    **FACTUAL BACKGROUND**

    A.    **The Allegations Of Plaintiff's Complaint**

Plaintiff's complaint paints a picture of a supposedly successful state parolee who was wrongly detained for a violation of the terms of his parole that he did not commit. Plaintiff avers that on August 13, 2001, he received a sentence from the Court of "reparole 'forthwith' into a 28 day [drug] treatment facility, followed by a half-way house." Complaint, ¶1.[1] He alleges that he "completed inpatient drug therapy" as ordered by the Court, "personally sent . . . a copy of the certificate of completion" of the drug treatment program to his parole officer (defendant Kevin McGee), and entered a half-way house as ordered by the Court. Complaint, ¶¶2-3. Plaintiff further alleges that while in the half-way house, he obtained gainful employment at an Acme Distribution Center. Id. at ¶4.

Plaintiff avers that on February 13, 2002, defendant Kevin McGee "faxed a detainer to the Berks County State Police," who came to the half-way house and arrested Plaintiff "on a parole/probation warrant" for violating the terms of his parole. Complaint, ¶5. He was then transported to and placed in the custody of the Montgomery County Correctional Facility. Id. According to Plaintiff, the parole violation for which he was arrested was "failure to complete a[n] inpatient drug treatment facility as stipulated by the courts." Id. at ¶6. Plaintiff, however, had complied with this particular condition of his parole. Plaintiff alleges that defendant Kevin McGee's supervisor at the Montgomery County Adult Probation/Parole Department eventually caught the error and "lifted the detainer on February 25, 2002 because [Plaintiff] had in fact

---

[1] Plaintiff's pro se complaint was prepared by completing a form available to him at the Montgomery County Correctional Facility. Appended to the form complaint is a typewritten page entitled, "Statement of Claim" that recites Plaintiff's version of the facts in numbered paragraphs. The paragraph numbers referenced in this motion when citing the complaint refer to the numbered paragraphs of Plaintiff's "Statement of Claim."

finished the inpatient drug treatment [program], and it was in his best interest[s] to lift the detainer." Id. at ¶7. While incarcerated, however, Plaintiff lost his job with Acme Markets. Id. at ¶10.

### B.   The Indisputable Facts Of This Case

The uncontroverted facts of this matter show that Plaintiff is mistaken as to both the reason why he was detained and the reason why he was later released. Probable cause indisputably existed to arrest Plaintiff for violation of the terms of his parole.

According to Plaintiff's records with the Adult Probation/Parole Department of Montgomery County, Plaintiff was originally sentenced by the Montgomery County Court of Common Pleas on September 20, 1999 after pleading guilty to charges of retail theft. See Hamel Declaration (Exhibit A) at ¶1; Sentence Sheet (Exhibit B). Thereafter, on August 13, 2001, Plaintiff appeared before the Montgomery County Court of Common Pleas for a parole violation hearing and was found by the Court to have violated the terms of his parole. Id. According to Plaintiff's Sentence Sheet (and as is conceded in Plaintiff's complaint), Plaintiff was sentenced to reparole into "a 28 day [drug] treatment program *to be followed by a half-way house*" by Judge Paul W. Tressler. Id. (emphasis added).

Plaintiff was admitted to the Conewago-Wernersville inpatient drug and alcohol treatment facility on October 11, 2001 and was discharged from its inpatient drug and alcohol program on December 24, 2001 after successfully completing all goals and objectives. See December 24, 2001 letter from Elizabeth Hoover (Exhibit C). After completion of the inpatient drug and alcohol treatment program, Plaintiff remained at the Conewago-Wernersville facility to complete the half-way house condition of his reparole. Hamel Declaration (Exhibit A) at ¶6. On February 13, 2002, however, the Conewago-Wernersville facility faxed defendant Kevin McGee

to inform him that Plaintiff had been discharged from the facility earlier that day without completing the half-way house program because of poor behavior. See February 13, 2002 letter from B. Michael Diaz-Cruz (Exhibit D).

As Plaintiff was in violation of a condition of his parole by being discharged from the half-way house without successfully completing that program, defendant Kevin McGee rightfully caused a detainer to be lodged against Plaintiff on February 13, 2002. See Docket Entries (Exhibit E); Hamel Declaration (Exhibit A) at ¶7. The resulting bench warrant was served that same day, and Plaintiff was incarcerated at the Montgomery County Correctional Facility to await a parole violation hearing. Id. Thus, Plaintiff *was not wrongfully detained* for failure to complete a drug treatment program that he had in fact completed. Instead, he *was rightfully detained* for his own failure to successfully complete the required half-way house program. This violation was known to Plaintiff; yet, Plaintiff conveniently neglects to set forth in his complaint that he had failed completed the half-way house requirement.

After the bench warrant was served, another probation officer reviewing Plaintiff's file made a discretionary determination that Plaintiff's rehabilitation would best be accomplished by continuing his parole rather than incarcerating Plaintiff for his technical parole violation. Hamel Declaration (Exhibit A) at ¶8. This parole officer prevailed upon Judge Tressler to have Plaintiff released from prison before a parole violation hearing was scheduled by the Court. See Docket Entries (Exhibit E), reflecting Plaintiff's release from prison on February 25, 2002. Plaintiff was not released because he had been detained for a parole violation he did not commit. He was released because of a discretionary determination that his release would better serve the goals set for him than would further incarceration. What Plaintiff should have seen as good fortune, he instead miscasts in his complaint as an offense of supposed constitutional proportions.

### III.  STANDARD OF REVIEW

The legal sufficiency of a complaint may be tested pursuant Federal Rule of Civil Procedure 12(b)(6) by a motion to dismiss for failure to state a claim upon which relief can be granted.  Hicks v. Arthur, 843 F. Supp. 949, 954 (E.D. Pa. 1994).  Under Rule 12(b)(6), the district court should dismiss a claim for failure to state a cause of action if it appears to a certainty that no relief could be granted under any set of facts which can be proved.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).  While reviewing a Rule 12(b)(6) motion, the district court "'must take all of the well pleaded allegations [of plaintiff's complaint] as true, construe the complaint in the light most favorable to the plaintiff,' and determine whether, under any reasonable reading of the pleadings, the plaintiff may be entitled to relief."  Colburn v. Upper Darby Township, 838 F.2d 663, 665-666 (3d Cir. 1988), cert. denied, 489 U.S. 1065 (1989) (quoting Estate of Bailey by Oare v. County of York, 768 F.2d 503, 506 (3d Cir. 1985)).

Rule 12(b) expressly provides that the district court has the discretion when deciding a Rule 12(b)(6) motion to consider "matters outside the pleadings . . . not excluded by the Court."  Fed. R. Civ. P. 12(b).  When considering matters presented on a Rule 12(b)(6) motion that are outside the complaint, "the motion shall be treated as one for summary judgment and shall be disposed of as provided in Rule 56."  Id.  "A reviewing court may enter summary judgment where there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).

Here, Plaintiff does not allege any conduct whatsoever taken by defendants Hamel, Frey and Eustis – let alone conduct that is actionable under 42 U.S.C. §1983.  Those defendants, accordingly, should be dismissed from this action pursuant to Rule 12(b)(6).  The allegations of

Plaintiff's complaint also fail to state a claim against defendant McGee, and the complaint accordingly should be dismissed as to him under Rule 12(b)(6).  Moreover, even if the complaint somehow stated a claim against defendant McGee (and it does not), the incontrovertible facts of this matter nevertheless establish that Plaintiff's claims against defendant McGee should be dismissed as a matter of law under Rule 56.

IV.   ARGUMENT

    A.   **Plaintiff Does Not Allege Any Actionable Conduct As To Defendants Hamel, Frey and Eustis**

While defendants Hamel, Frey and Eustis are named in the caption of Plaintiff's complaint and are listed as defendants in the body of that complaint, Plaintiff has not expressly asserted any claim against them or alleged any personal involvement by them in the events at issue.  While pro se complaints are held to less stringent standards than pleadings drafted by lawyers, defendants listed in a caption of a pro se complaint that makes no factual allegations against them are entitled to dismissal from the action.  See, e.g., Tosta v. Hooks, 568 F. Supp. 616, 620 (E.D. Pa. 1983).  It is a bedrock principle of civil rights law that "[a] §1983 claim must be based upon a defendant's personal involvement in the constitutional violation."  Schell v. Ridge, 1999 WL 761094 (E.D. Pa. Sept. 27, 1999).  Defendants Hamel, Frey and Eustis are not alleged to have had any personal involvement in the decision to detain Plaintiff for violating the terms of his parole.[2]  These individual defendants, consequently, should be promptly dismissed as defendants to this action.

---

[2]  Indeed, defendants believe that Plaintiff may well have named Mr. Hamel, Mr. Frey and Ms. Eustis as parties for no other reason than that their names are the three names that appear on the letterhead of the Adult Probation/Parole Department of Montgomery County.

### B. Plaintiff Has Failed To Allege A Claim Against Defendant McGee

Plaintiff's §1983 claim against defendant McGee is premised upon a theory that he erroneously caused a warrant to be issued for Plaintiff's arrest for violating a particular term of parole (namely, completion of inpatient drug treatment) that Plaintiff had in fact satisfied – thereby infringing upon Plaintiff's constitutional rights. Missing from Plaintiff's allegations, however, are any facts to suggest that the supposed error that defendant made was purposefully committed. Because of this omission, Plaintiff's complaint fails to state a claim against defendant McGee.

In Berg v. County of Allegheny, 219 F.3d 261, 274 (3d Cir. 2000), the Third Circuit set forth the standard to be applied to determine an individual defendant's liability under §1983 for an erroneously issued warrant. In Berg, a warrant clerk employed by Allegheny County incorrectly typed the wrong criminal complaint number into the county's computerized system for the issuance of warrants, causing a warrant to be issued for the arrest of the wrong parolee. The parolee who was mistakenly arrested as a result of the incorrect warrant then sued the arresting officers, the county and the clerk whose error had caused the warrant to be erroneously issued. The plaintiff-parolee argued that the warrant clerk should be liable for her error under a due process theory of deliberate indifference. The Third Circuit, however, dismissed the §1983 claim against the warrant clerk because the plaintiff-parolee had "not alleged anything more than mere negligence on [the warrant clerk's] part. Negligence by public officials is not actionable as a due process violation." Id. at 274 (citing Daniels v. Williams, 474 U.S. 327 (1986); Colburn v. Upper Darby Township, 946 F.2d 1017 (3d Cir. 1991)). Without alleging that the warrant clerk had intentionally caused the error that led to the wrongly issued warrant, the plaintiff-parolee had failed as a matter of law to state a claim against the warrant clerk under §1983.

In the present case, Plaintiff contends -- as did the plaintiff in <u>Berg</u> -- that the warrant on which he was arrested was erroneously issued. Also as in <u>Berg</u>, Plaintiff here alleges no facts that would suggest that the alleged error that led to the issuance of the warrant (the alleged failure to take notice of the Plaintiff's completion of drug treatment) was anything more than mere negligence on the part of defendant McGee. As was the case with the warrant clerk in <u>Berg</u>, Plaintiff here has failed as a matter of law to allege a §1983 claim against defendant McGee because Plaintiff has not alleged facts that would establish anything more than negligence. Plaintiff's §1983 claim against defendant McGee should be dismissed.

    C.    **<u>As A Matter Of Law, Defendant McGee's Actions Were Wholly Proper</u>**

In reality, the act of issuing a warrant for Plaintiff's arrest did not even arise, as Plaintiff's recitation of the facts might suggest, to the level of negligence. The warrant was indisputably issued with probable cause to believe that Plaintiff had violated a term of his parole.

Plaintiff concedes in his complaint that the terms of his parole included completion of a 28 day drug treatment program, *"followed by a half-way house."* Complaint, ¶1 (emphasis added). The half-way house requirement is also reflected on his Sentence Sheet. Exhibit B. Plaintiff, however, did not complete this requirement. Instead, as a result of Plaintiff's poor behavior, he was prematurely discharged from the program without successfully completing it. Defendant McGee was alerted to this violation of the terms of Plaintiff's parole on February 13, 2002 (<u>see</u> Exhibit D) and thus had ample probable cause to support the issuance of the warrant at issue. The indisputable facts of this matter establish that defendant McGee's actions were proper, and no amount of discovery can change that reality. Accordingly, the §1983 claim against defendant McGee should be dismissed now as a matter of law.

## V. CONCLUSION

Plaintiff's complaint in insufficient to state a claim against any of the defendants. Moreover, the facts of this matter establish without question that there was probable cause for the issuance of the warrant at issue. Consequently, the defendants ask that Plaintiff's complaint be dismissed with prejudice.

                Respectfully submitted,
                MONTGOMERY COUNTY SOLICITOR'S OFFICE


                _____
                Philip W. Newcomer, Esquire
                Attorney I.D. No. 60055
                One Montgomery Plaza, Suite 800
                P.O. Box 311
                Norristown, PA  19404-0311
                610-275-3033

                Attorney for Defendants

Dated:  November 29, 2002

## CERTIFICATE OF SERVICE

I, Philip W. Newcomer, hereby certify that a true and correct copy of the Defendants Motion to Dismiss, or, in the Alternative for Summary Judgment, with accompanying memorandum of law, was served this 29th day of November, 2002, via U.S. first class mail, postage prepaid, upon the following persons:

        Mr. Leroy A. Wilson (#02-25-02)
        Montgomery County Correctional Facility
        60 Eagleville Road
        Norristown, PA 19403

        _____
        Philip W. Newcomer, Esquire