IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**PENNSYLVANIA INSTITUTIONAL
    LAW PROJECT**
By: Angus R. Love, Esquire
Identification No. 22392
Suite 523, 924 Cherry Street
Philadelphia, PA 19107
Telephone: (215) 925-2966
Facsimile : (215) 925-5337                                    **Attorney for Plaintiff**

_____
Leroy Wilson,:                           :
                                         :
                Plaintiff,               :
                                         :
        vs.                              :
                                         :     CIVIL ACTION NO. 02-CV-3539
                                         :
Kevin McGee, *et al.*,                   :
                                         :
                Defendants.              :
_____

**PLAINTIFF WILSON'S MOTION IN OPPOSITION TO DEFENDANTS' MOTION
TO DISMISS, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

**AND NOW** comes Plaintiff Leroy Wilson through his attorney Angus Love who moves this Honorable Court to deny Defendants' Motion to Dismiss, or in the Alternative for Summary Judgment for the following reasons and those contained in the accompanying Memorandum of Law.

1.    Plaintiff Leroy Wilson filed a *pro se* complaint on May 31, 2002.

2.    Plaintiff Wilson alleges a violation of his constitutional right to due process of law by defendants' failure to provide adequate notice of an alleged parole violation.

3.    Said notice failed to properly apprise him of the reasons for violating the terms of his parole.

4. Plaintiff Wilson contends that he has established a material fact at issue, *i.e.*, adequacy of the notice.

**WHEREFORE**, Plaintiff Wilson respectfully requests that this Honorable Court deny Defendants' Motion to Dismiss or in the Alternative for Summary Judgment for aforementioned reasons and those contained in the accompanying Memorandum of Law.

        Respectfully submitted,

        **Pennsylvania Institutional Law Project**

        By: _____
        Angus Love, Esquire, I.D. #22392

        924 Cherry St., Ste. 523
        Philadelphia, PA 19107
        (215) 925-2966 (Telephone)
        (215) 925-5337 (Facsimile)

Date: July 9, 2003        Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**PENNSYLVANIA INSTITUTIONAL
   LAW PROJECT**
By: Angus R. Love, Esquire
Identification No. 22392
Suite 523, 924 Cherry Street
Philadelphia, PA 19107
Telephone: (215) 925-2966
Facsimile : (215) 925-5337                                    **Attorney for Plaintiff**

| | |
|---|---|
| Leroy Wilson, : | |
|       Plaintiff, : | |
|     vs. : | CIVIL ACTION NO. 02-CV-3539 |
| Kevin McGee, *et al.*, : | |
|       Defendants. : | |

**PLAINTIFF WILSON'S MEMORANDUM OF LAW IN SUPPORT OF
MOTION IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT**

**I.**    **Introduction**

    Plaintiff Wilson filed a *pro se* complaint on May 31, 2002 alleging that his constitutional right to due process of law was violated during a parole revocation proceeding. The Court appointed Angus Love to represent Plaintiff Wilson on December 18, 2002. Prior to this Entry of Appearance, Defendants filed a Motion to Dismiss or in the Alternative for Summary Judgment on December 2, 2002. A ruling on said Motion was deferred pending the appointment of counsel. On June 27, 2003 this Honorable Court ordered Plaintiff to respond to the aforementioned Motion on or before July 11, 2003. Herein lies Plaintiff's response.

## II. Legal Standard

Defendants have filed for both dismissal of this action pursuant to Federal Rule of Civil Procedure 12(b)((6) or in the alternative for summary judgment under Federal Rule of Civil Procedure 56.

### A. Standard for Motion under Federal Rule of Civil Procedure 12(b)(6).

The purpose of Federal Rule of Civil Procedure 12 is to expedite and simplify the pre-trial phase of federal litigation while promoting the just disposition of cases. Wright and Miller, §1342 p.161, Vol.5A. Motions pursuant to Section 12(b)(6) are the lineal descendants of the common law practice of demurrer. <u>Investors Syndicate of America, Inc. v. City of Indian Rocks Beach, Florida</u>, 434 F.2d 871, 874 (5th Cir. 1970). It puts at issue the legal sufficiency of the plaintiff's declaration. <u>De La Cruz v. Tormey</u>, 582 F.2d 45, 48 (9th Cir. 1978). Plaintiff need only provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Federal Rule of Civil Procedure 8(a)(2).

For purposes of a Motion to Dismiss, the complaint is construed in the light most favorable to plaintiff and its allegations are taken as true. <u>Scheuer v. Rhodes</u>, 416 U.S. 232 (1974). If the allegations satisfy Federal Rule of Civil Procedure 8(a)(2) then the Motion to Dismiss must be denied.

### B. Standard of Review for Motion for Summary Judgment Under Federal Rule of Civil Procedure (F.R.C.P.) 56.

Federal Rule of Civil Procedure (F.R.C.P.) 56 permits any party to a civil action to move for summary judgment on the ground that there is no genuine issue of material fact and that the movant is entitled to prevail as a matter of law. An issue is "genuine"

only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Federal Labs, Inc. v. Barringer Research Ltd., 696 F.2d 271, 274 (3d Cir. 1982). "On summary judgment the inferences to be drawn from the underlying facts contained in such materials [affidavits, depositions, and exhibits] must be viewed in the light most favorable to the party opposing the motion." U.S. v. Diebold Inc., 369 U.S. 654, 655 (1962). "We look at the record on summary judgment in the light most favorable to . . . . the party opposing the motion. . .." Potter v. Columbia Broadcasting System, Inc., 368 U.S. 464, 473 (1962). Accordingly, the party defending the motion will have the advantage of the court's reading of the record in the light most favorable to him or her. Kaufman v. Solomon, 524 F.2d 501, 502 n.1 (3d Cir. 1975). The Court will take his or her allegations as true. Bishop v. Wood, 426 U.S. 341 (1976). The Court will also give the benefit of the doubt to the non-moving party when their assertions conflict with those of the movant. Piesco v. City of New York Department of Personnel, 933 F.2d 1149, 1154 (2nd Cir. 1991).

In considering an F.R.C.P. 56 motion, any evidence which would be permissible at trial can be attached. Horton v. Sullivan, 4 F.3d 2, 8 (1st Cir. 1993). The opposing party must not rest on mere allegations or denials but must present evidentiary matter showing that there is a genuine issue of material fact that is worth bringing the matter to trial. Anderson v. Liberty Lobby Inc., 477 U.S. 242, 247-48 (1986). There is no genuine issue of material fact if the Court determines "that the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Matsushita Elec. Industrial Co. v. Zenith Radio, 475 U.S. 574, 587 (1986). When the Court finds that such a

3

material issue exists that would allow a jury to find for the non-movant, then the Motion for Summary Judgment must be denied.

III.     **Facts of the Case**

Plaintiff Leroy Wilson was sentenced on April 13, 2001 for violation of the terms of his probation.  Plaintiff Wilson was originally sentenced by the Court of Common Pleas of Montgomery County, Pennsylvania on September 20, 1999 after pleading guilty to retail theft.  He received a sentence of two years.  In finding that Plaintiff had violated the terms of his probation, the Court sentenced him to reparole on "a 28-day treatment program to be followed by a half-way house", by the Honorable Judge Paul Tressler.

Plaintiff was admitted to the Conewago-Wernersville in-patient drug and alcohol treatment facility on October 11, 2001.  He was discharged on December 24, 2001 after successfully completing all goals and objectives.  Wilson was then moved to the half-way house also located at the Conewago-Wernersville facility.  Wilson obtained employment during the day on a work-release basis at the Acme Distribution Center in Denver, Pennsylvania.  In early February a staff member of the half-way house stole his personal belongings.  Wilson reported the theft to the supervisor and called his parole agent, Defendant McGee, to inform him of the problem.  Shortly thereafter McGee faxed a detainer to the Pennsylvania State Police stating that Wilson had violated the terms of his parole and should be arrested.  The State Police arrested Wilson while he was eating lunch at the half-way house on February 13, 2001.  Wilson contends that the violation notice indicated that the failure to complete the drug treatment program was the reason for the violation.

Plaintiff Wilson was returned to the Montgomery County Correctional Facility. He had a hearing before Judge Tressler on February 28, 2002. Defendant Hamel agreed that the violation was technical in nature and Judge Tressler reparoled Plaintiff Wilson on that date. Plaintiff Wilson contends that the Court released him because he had completed the drug and alcohol portion of his sentence.

IV.   **Legal Argument**

**Plaintiff Wilson is Entitled to Adequate Notice of the Parole Violation**.

In <u>Morrissey v. Brewer</u>, 408 U.S. 471, 488-89, the United States Supreme Court held that written notice of the alleged violation of the terms and conditions of parole is one of several minimum requirements of due process which must be complied with before parole can be revoked. This has been interpreted by the Pennsylvania courts as applicable to parole and to revocation, *e.g.*, <u>Commonwealth v. Honeblue</u>, 246 Pa.Super. 442, 371 A.2d 919 (1977); <u>Commonwealth v. Gamble</u>, 246 Pa.Super. 222, 369 A.2d 892 (1977); <u>Commonwealth v. Alexander</u>, 232 Pa.Super. 57, 331 A.2d 836 (1975). If the parolee does not receive adequate notice until the actual hearing a due process violation has occurred. <u>Commonwealth v. Ballard</u>, 250 Pa.Super. 46, 378 A.2d 445 (1977).

Plaintiff Wilson contends that the notice was inadequate because it identified him as violating the terms and conditions of the drug and alcohol program he had already completed. Defendants contend that the notice was adequate. The content of the notice is as follows.

> "Failed to successfully complete drug/alcohol half-way house program required by the Court under the Restrictive Intermediate Punishment Program." (See Exhibit A, attached).

5

Clearly the notice is confusing and suggests that Wilson failed the drug and alcohol program and not the half-way house program.

The Supreme Court cites the minimum requirements to include "(a) written notice of the claimed violations of parole." <u>Morrissey v. Breward</u>, *supra* at 489. Said notice indicates a failure to complete a drug and alcohol program. Exhibit D of Defendants' Motion indicates that Plaintiff Wilson successfully completed the drug and alcohol program. As such he was denied adequate notice of the alleged violation. When a hearing was held shortly thereafter, Wilson was released from custody.

For these reasons Plaintiff Wilson contends he has established a material fact at issue necessary to survive both the Motion to Dismiss and the higher

standard of summary judgment.  Plaintiff Wilson respectfully requests that this Honorable Court deny Defendants' Motion to Dismiss and in the Alternative for Summary Judgment.

> Respectfully submitted,
>
> **Pennsylvania Institutional Law Project**
>
> By: _____
> Angus Love, Esquire, I.D. #22392
>
> 924 Cherry St., Ste. 523
> Philadelphia, PA 19107
> (215) 925-2966 (Telephone)
> (215) 925-5337 (Facsimile)
> Attorney for Plaintiff

Date:  July  9, 2003