IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LEROY ANTONIO WILSON**<br>Plaintiff,<br><br>v.<br><br>**KEVIN MCGEE, ET AL.,**<br>Defendants. | CIVIL ACTION NO. 02-CV-3539 |

**MEMORANDUM AND ORDER**

Tucker, J.                                                                                                    September 9, 2003

Presently before the Court is Defendants' Motion to Dismiss or in the alternative a Motion for Summary Judgment. For the reasons set forth below, upon consideration of Defendants' Motion and Plaintiff's Response, the Court will grant in part and deny in part the Motion to Dismiss and grant the Motion for Summary Judgment.

**BACKGROUND**

Plaintiff Wilson filed a pro-se complaint on May 31, 2002, alleging that his constitutional right to due process of law was violated during a parole revocation proceeding. This Court appointed Angus Love to represent Plaintiff on December 18, 2002. Prior to Mr. Love entering his appearance, Defendants filed a Motion to Dismiss or in the alternative a Motion for Summary Judgment on December 2, 2002. On June 27, 2003, this Court also ordered Mr. Love to file a response to the Defendants' Motion on or before July 11, 2003. Plaintiff filed his response on July 10, 2003.

Plaintiff was sentenced on August 13, 2001, for violation of the terms of his parole. Plaintiff was originally sentenced by the Court of Common Pleas of Montgomery County on September 20, 1999, after pleading guilty to retail theft. He received a sentence of two years. On August 31, 2001,

the Honorable Judge Paul Tressler, Court of Common Pleas Judge for Montgomery County, found that Plaintiff had violated the terms of his parole and continued his parole with the condition that he enroll in a "28 day" drug treatment program to be followed by a halfway house. Plaintiff was admitted to the Conewago-Wernersville inpatient drug and alcohol treatment facility (the "treatment facility") on October 11, 2001.

The treatment facility discharged Plaintiff on December 24, 2001, after successfully completing all of his goals and objectives for the inpatient drug and alcohol treatment. Plaintiff was then transferred to the halfway house. Plaintiff obtained employment during the day on a work-release basis at the Acme Distribution Center in Denver, Pennsylvania. Plaintiff contends that in early February 2002, a staff member of the halfway house stole his personal belongings. Plaintiff also contends that he reported the theft to the supervisor and called his parole officer, Defendant Kevin McGee, to inform him of the problem.

On February 13, 2002, Mr. B. Michael Diaz-Cruz, an employee at the treatment facility, faxed a letter to defendant Kevin McGee informing him that Plaintiff was being discharged from the facility without completing the halfway house program due to his poor behavior.[1] On the same day, Defendant McGee caused a detainer to be issued against Plaintiff, and the Pennsylvania State Police arrested him while he was eating lunch at the halfway house. After the bench warrant was served, another probation officer reviewing Plaintiff's file made a discretionary determination that Plaintiff's rehabilitation would best be accomplished by continuing his parole rather than incarcerating Plaintiff for a technical parole violation. This parole officer prevailed upon Judge Tressler to have Plaintiff

---

[1] In Mr. Diaz-Cruz's letter, he stated that Mr. Wilson has on "numerous occasions has problem [sic] with controlling his compulsive behaviors were he just cusses at everyone and anyone." Def.'s Exhibit D.

released from prison before a parole violation hearing was scheduled by the Court, and the Court did not resolve the issue of whether Plaintiff's discharge from the halfway house program due to his alleged poor behavior violated his parole. Plaintiff was released from prison on February 25, 2002.

## **LEGAL STANDARD**

A court should dismiss a complaint pursuant to FED. R. CIV. 12(b)(6) only if it finds that the Plaintiff cannot prove any set of facts, consistent with the complaint, which entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S. Ct. 2229, 81 L. Ed. 2d 59 (1984). In making this determination, the court must accept as true all allegations made in the complaint, and all reasonable inferences that may be drawn from those allegations. Rocks v. Philadelphia, 868 F.2d 644, 645 (3d Cir. 1989). The court must view these facts and inferences in the light most favorable to the Plaintiff. Id. The court may draw these facts and inferences from the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the Plaintiff's claims are based upon documents. Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993), *cert. denied*, 510 U.S. 1042, 114 S. Ct. 687, 126 L. Ed. 2d 655 (1994).

The defendant makes an alternative motion for summary judgment. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). A factual dispute is "material" if it might affect the outcome of the case under governing law. Id.

A party seeking summary judgment always bears the initial responsibility for informing the district court of the basis of its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). Where the non-moving party bears the burden of proof on a particular issue at trial, the movant's initial Celotex burden can be met simply by "pointing out to the district court that there is an absence of evidence to support the non-moving party's case." Celotex, 477 U.S. at 325, 106 S. Ct. at 2553-54. After the moving party has met its initial burden, "the adverse party's response, by affidavits or otherwise as provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). That is, summary judgment is appropriate if the non-moving party fails to rebut by making a factual showing "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322, 106 S. Ct. at 2552-53. "[I]f the opponent [of summary judgment] has exceeded the 'mere scintilla' [of evidence] threshold and has offered a genuine issue of material fact, then the court cannot credit the movant's version of events against the opponent, even if the quantity of the movant's evidence far outweighs that of its opponent." Big Apple BMW, Inc. v. BMW of North America, Inc., 974 F.2d 1358, 1363 (3d Cir. 1992). Under Rule 56, the Court must view the evidence presented on the motion in the light most favorable to the opposing party. Anderson, 477 U.S. at 255, 106 S. Ct. at 2513-14.

## DISCUSSION

**A.     Defendants' Motion to Dismiss**

Defendants move this Court to dismiss Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Where the plaintiff is a pro se litigant, the court has

an obligation to construe the complaint liberally. See Haines v. Kerner, 404 U.S. 519, 520-521, 92 S. Ct. 594, 30 L. Ed.2d 652 (1972); Gibbs v. Roman, 116 F.3d 83, 86 n. 6 (3d Cir.1997); Urrutia v. Harrisburg County Police Dep't, 91 F.3d 451, 456 (3d Cir.1996).  In cases brought by pro se plaintiffs, courts should dismiss the complaint for failure to state a claim only if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle him to relief. See Leamer v. Fauver, 288 F.3d 532, 547 (3d Cir.2002) (*citing* Estelle v. Gamble, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed.2d 251(1976)).

Plaintiff, in essence, is alleging a 42 U.S.C. § 1983 violation, a deprivation of a federally protected right.  Section 1983 provides a cause of action for any citizen who has been deprived of any federal right by a person acting under color of state law.  42 U.S.C. § 1983.  To properly state a claim under § 1983, a plaintiff must allege (1) that he was deprived of a federally protected right, and (2) that the deprivation was committed by a state actor. Lake v. Arnold, 112 F.3d 682, 689 (3d Cir. 1997).

After reviewing Plaintiff's complaint *liberally* and his response filed by his attorney Angus Love, Plaintiff has not expressly alleged how Defendants Hamel, Frey, and Eustis violated his due process rights.  Furthermore, Plaintiff has not alleged that the Defendants were state actors.  Moreover, after Plaintiff was appointed Counsel, Mr. Love did not motion for leave to amend Plaintiff's complaint, and he did not state any facts in his response to Defendants' motion to assist the Plaintiff in making out his claim.  Plaintiff only named these Defendants in the caption of his complaint.  Therefore, this Court will grant Defendants' Motion to Dismiss and dismiss the entire complaint against Defendants Hamel, Frey, and Eustis.  However, this Court finds that Plaintiff has sufficiently stated a claim against Defendant McGee.

B.  **<u>Defendant McGee's Motion for Summary Judgment</u>**

Defendant McGee argues that as a matter of law he is entitled to summary judgment because it is indisputable that Plaintiff did not complete the second part of his sentence, "followed by a halfway house," and he was prematurely discharged from the treatment due to his poor behavior. In response, the Plaintiff argues that the notice of his alleged violation was inadequate and confusing. Plaintiff contends that there is a material issue of fact whether he received adequate notice.

The notice stated that Plaintiff "failed to successfully complete drug/alcohol halfway house program required by the Court under the Restrictive Intermediate Punishment Program." <u>See</u> Pl.'s Mot. at 5. The Court finds that Plaintiff's alleged violation notice was adequate because Plaintiff concedes in his complaint and in his response that he had to successfully complete the "28 day" inpatient treatment **<u>and</u>** the halfway house according to Judge Tressler's order. He also concedes that he was involuntarily and prematurely discharged from the halfway house for his alleged poor behavior. Mr. Diaz-Cruz alerted Defendant McGee that Plaintiff was being discharged without completing the halfway house due to his poor behavior. Mr. Diaz-Cruz's letter gave Defendant McGee sufficient probable cause to issue a detainer against the Plaintiff. The Court finds as a matter of law, Defendant Kevin McGee is entitled to summary judgment and accordingly will grant Defendant McGee's motion.

## CONCLUSION

Based on the foregoing reasons, this Court will grant in part and deny in part Defendants' Motion to Dismiss and grant Defendants' Motion for Summary Judgment. Judgment is entered in favor of Defendant Kevin McGee and against Plaintiff. An appropriate order follows